IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01459-STV

MENG UOY CHANG,

    Plaintiff,

v.

WALMART #4599,

    Defendant.

_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant Walmart Inc.'s Motion to Dismiss (the "Motion"). [#47] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##14, 15, 16] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

I.   **BACKGROUND**[1]

Plaintiff Meng Uoy Chang ("Plaintiff" or "Mr. Chang") is an Asian-American man. [#41 at ¶ 1]  In 2018, Plaintiff purchased several sets of industrial gloves to wear at work from Defendant Walmart Inc. ("Defendant" or "Walmart"). [*Id.* at ¶ 4]  Plaintiff was subsequently transferred to a new work assignment and no longer needed the gloves. [*Id.* at ¶ 24]  On December 9, 2018, Plaintiff returned one set of the gloves to Defendant's store in Timnath, Colorado (the "Timnath Walmart") and received a refund for them. [*Id.* at ¶¶ 5, 25]  Unbeknownst to Plaintiff at the time, Defendant's employees believed plaintiff had stolen the now-returned gloves and reported the alleged theft to the police. [*Id.* at ¶ 26]  The police approached Plaintiff at a nearby gas station, handcuffed him, accused him of theft, and asked him about the alleged theft. [*Id.* at ¶ 27]  Police asked Plaintiff to sign several documents, but Plaintiff could not understand them and declined to sign. [*Id.* at ¶ 29]  Plaintiff was then released. [*Id.*]  Plaintiff has not subsequently returned to the Timnath Walmart, believing that he had been racially profiled by Defendant's employees at that location. [*Id.* at ¶¶ 31, 40]

On February 18, 2019, unbeknownst to Plaintiff, the Timnath Walmart experienced another alleged theft. [*Id.* at ¶ 32]  An image of the suspect was captured on surveillance camera. [*Id.* at ¶ 33; *see also* #41-2 (surveillance camera image)]  The surveillance camera image shows a person whom Plaintiff characterizes as "an Asian-looking man." [*Id.* at ¶ 34]  Defendant's employees reported the alleged theft to the police. [*Id.* at ¶ 33]

---

[1] The facts are drawn from the allegations in Plaintiff's First Amended Complaint and Request for Jury Trial [#41], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

Plaintiff alleges that "despite the fact that there was no substantive evidence that would have suggested that [Plaintiff] was the perpetrator, in its report to the Police, agents and employees of the Timnath Walmart accused [Plaintiff] of being the thief as seen on its surveillance camera footage."  [*Id.*]  Plaintiff alleges that "because [Defendant] saw that the perpetrator looked like an Asian man, and because they had [Plaintiff] on their system, they falsely accused [Plaintiff] to be the thief."  [*Id.* at ¶ 35; *see also id.* at ¶ 41]

The police opened a felony investigation and issued a warrant for Plaintiff's arrest. [*Id.* at ¶ 37; *see also* #41-1 (arrest warrant)]  On August 13, 2019, Plaintiff was arrested in Wyoming on the basis of the warrant.  [*Id.* at ¶ 38]  On February 18, 2020, the District Attorney dropped the case against Plaintiff, stating "as a reason therefore that based on the available evidence, including photos of the suspect, that the People cannot prove beyond a reasonable doubt the Defendant was the individual involved in the theft charged in this case."  [#41-3]  As a result of this incident, Plaintiff suffered numerous injuries, including losing his job.  [#41 at ¶¶ 44–54]

Plaintiff initiated this action on June 3, 2021.[2]  [#5]  Plaintiff filed the operative first Amended Complaint and Request for Jury Trial (the "Complaint") on May 15, 2022.  [#41] The Complaint alleges nine claims for relief:  (1) false arrest and imprisonment[3] [*id.* at ¶¶ 55–61]; (2) breach of implied contract of warranty [*id.* at ¶¶ 62–65]; (3) racial discrimination pursuant to 42 U.S.C. § 1981 ("Section 1981") [*id.* at ¶¶ 66–71]; (4) public accommodations discrimination pursuant to 42 U.S.C. § 2000a to a-6 ("Title II of the Civil

---

[2] Plaintiff filed an EEOC Notice of Right to Sue letter, summons requests, and a civil cover sheet on May 28, 2021.  [#1]  But "[a] civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and that did not occur until June 3, 2021 [#5].

[3] As discussed in more detail below, this claim appears to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983") rather than pursuant to common-law tort.

Rights Act") [*id.* at ¶¶ 72–75]; (5) discrimination in violation of Colorado's Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601 *et seq.* ("CADA") [*id.* at ¶¶ 76–80]; (6) unconscionable conduct [*id.* at ¶¶ 81–82]; (7) negligence [*id.* at ¶¶ 83–87]; (8) gross negligence [*id.* at ¶¶ 88–89]; and (9) intentional infliction of emotional distress ("IIED") [*id.* at ¶¶ 90–94]. On July 15, 2022, Defendant filed the instant Motion to Dismiss. [#47] Plaintiff has responded to the Motion [#48], and Defendant has replied [#49].

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she

is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III.   ANALYSIS

Through the Motion, Defendant seeks dismissal of all claims. [#47] Specifically, Defendant maintains that Plaintiff's Claims One, Seven, Eight, and Nine are time barred [#47 at 4-6], that Plaintiff's claim for "unconscionable conduct" (Claim Six) is not a recognized cause of action [*id.* at 6-7], and that Plaintiff has failed to state a plausible claim for relief in his remaining common law and statutory claims [*id.* at 8-13]. The Court begins by addressing Plaintiff's federal claims, then turns to Plaintiff's state law claims.

#### A.   Claim One: False Arrest and Imprisonment

Plaintiff's Claim One alleges false arrest and imprisonment. [#41 at ¶¶ 55–63] Plaintiff appears to bring this claim pursuant to 42 U.S.C. § 1983. [*Id.* at ¶ 57 ("Civil lawsuits based on false arrest are brought under 42 USC § 1983, which provides that anyone acting under the color of law who deprives someone of their Constitutional rights 'shall be liable to the injured party.'" (purportedly quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)))[4]]. Defendant argues that this claim is time barred. [#47 at 4-6] To the extent that this claim is brought pursuant to Section 1983, however, it suffers from a more fundamental problem that the Court cannot simply ignore—namely, Plaintiff has not

---

[4] The Court notes that the quoted text does not appear in *Baker*. The quoted text can be found in the syllabus for *Flagg Bros. v. Brooks*, 436 U.S. 149, 149 (1978) ("§ 1983[] provides, *inter alia*, that every person who under color of any state statute subjects any citizen to the deprivation of any rights secured by the Constitution and federal laws shall be liable to the injured party.")

5

plausibly pled that Defendant was acting under color of state law.[5] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate."); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (quotation omitted)).

"The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citing *D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir. 1990)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[A] private party [such as Walmart] acts under color of state law if that party is a 'wilful participant in joint action with the State or its agents.'" *Schaffer,* 814 F.3d at 1157 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)). "To apply the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* (quotation omitted). "[F]urnishing

---

[5] To the extent Plaintiff meant to bring this claim as a common law tort action under state law, the Court declines to exercise supplemental jurisdiction for the reasons outlined in Section III.D below.

information to law enforcement officers, without more, does not constitute joint action under color of state law." *Id.* at 1157-58 (collecting cases and holding that city parking enforcements officers' false report to police officers, resulting in plaintiffs' arrest and prosecution, did not constitute "joint action" that could render the city parking enforcement officers liable under Section 1983).

Here, Plaintiff has not pled any facts, beyond the furnishing of information, to suggest that Defendant engaged in a joint action with state actors. [*See* #41] The Court therefore sua sponte DISMISSES Count One WITHOUT PREJUDICE to refiling as a state law claim for false arrest and imprisonment.[6]

### B.   Claim Three: Section 1981

In Claim Three, Plaintiff alleges that Defendant discriminated against him in violation of Section 1981. [#41 at ¶¶ 66–71] Defendant argues that Plaintiff was not prevented from making any contract, and that Plaintiff has failed to plead state action as would be required to maintain a "full and equal benefit of all laws" claim. [#47 at 8–10] The Court agrees that Plaintiff has failed to state a claim for relief under Section 1981.

To establish a prima facie case of discrimination under Section 1981, a plaintiff must establish: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the

---

[6] The Court recognizes that sua sponte dismissals for failure to state a claim should ordinarily result in a dismissal with prejudice. *Brereton*, 434 F.3d at 1219. And the Court believes that any future attempt to bring a Section 1983 false arrest and imprisonment claim would be futile, absent some allegation that the Walmart employees and the arresting officers engaged in "concerted action" as recognized by the Tenth Circuit. *Schaffer*, 814 F.3d at 1157 (quotation omitted). Nonetheless, because it is possible that Plaintiff was attempting to bring a state common law claim for false arrest and imprisonment, and the Court cannot conclude that such a claim would be futile, the dismissal is without prejudice to Plaintiff bringing such a state law claim.

discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001) (citing *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)). "Section 1981 establishes four protected interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments." *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989).

It is not clear from the face of the complaint which protected interest Plaintiff alleges that Defendants violated. Plaintiff pleads that:

> Plaintiff is a member of a racial minority; there was an intent by the Defendant and Defendant's agents to discriminate against him on the basis of race; and the discrimination concerns one or more of the activities enumerated in § 1981, including, but not limited to, the right to make and enforce contracts, to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property, and to be subjected to the same penalties, and no more punishment than on the same basis as white citizens.

[#41 at ¶ 70] This is, however, precisely the sort of "formulaic recitation of the elements of a cause of action" that "will not do" to state a claim for relief. *Twombly*, 550 U.S. at 555.

In his response to the Motion, Plaintiff argues that Defendant violated both his "make and enforce contracts" interest and also his "like pains and punishments" interest.[7]

---

[7] Defendant interprets Plaintiff as asserting an equal benefit of the laws claim. [##47 at 9–10, 49 at 5–6] Given the broad, but generic, statement in Paragraph 70 of the Complaint, such an interpretation is understandable. But, this interpretation would appear to be inconsistent with Plaintiff's characterization of the claim in his Response. [#48 at 12–14] To the extent Plaintiff may intend to assert an equal benefit claim, the Court notes that he has not clearly alleged: "(1) racial animus; (2) a relevant law or proceeding for the 'security of persons and property'; and (3) that the defendant deprived the plaintiff of the full and equal benefit of such law or proceeding." *Farris v. Stepp*, No. 20-CV-02346-DDD-

[#48 at 12–14]  With regards to his contracts interest, Plaintiff seems to argue two distinct violations:  first, that by reporting to police its suspicion that Plaintiff had stolen the gloves on December 9, 2018, Defendant breached an "express[]" agreement "to receive returned goods without any consequences" [*id.* at 13]; second, that by "keeping the Plaintiff on its records, its 'watchlist', [Defendant] . . . deters, and prevents the Plaintiff from making any meaningful future retail contracts" [*id.*].  Plaintiff does not plead that Defendant has expressly banned him from making future purchases, only that he has chosen not to return.  [#41 at ¶ 31 ("Ever since the above incident, Mr. Chang did not visit the Timnath Walmart, as it was apparent that he was racially profiled by the agent and employees of Walmart there.")  With regards to his "like pains and punishments" assertion, Plaintiff argues that "Walmart subjected the Plaintiff to unequal punishment then it would if Plaintiff was white. If Plaintiff was white, he wouldn't have been picked by Walmart just because the security footage shows a blurry image of a white person."  [#48 at 13]  The Court considers each alleged deprivation of an interest protected by Section 1981 in turn.

    **1.**    **Contracts Interest**

"To state a claim under the contract clause of Section 1981, a plaintiff must identify the actual loss of a contract."  *Shawl v. Dillard's Inc.*, 17 F. App'x 908, 911 (10th Cir. 2001) (citing *Phelps*, 886 F.2d at 1267).  "'Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he was actually prevented from making a purchase.'"  *Shortridge v. Disc. Tire Store*, No. 17-cv-02772-MSK-STV, 2019 WL 399232, at *3 (D. Colo. Jan. 31, 2019) (quoting *Rogers v.*

---

NYW, 2021 WL 5200210, at *7 (D. Colo. Nov. 9, 2021) (quoting *Phillip v. Univ. of Rochester*, 316 F.3d 291, 297–98 (2d Cir. 2003).  As a result, Plaintiff has failed to plausibly allege an equal benefit of the laws claim.

*Elliott*, 135 F. Supp. 2d 1312, 1315 (N.D. Ga. 2001)).  "[A] retailer's discriminatory conduct in connection with the sale of goods that does not prevent the sale from being consummated is not actionable under Section 1981." *Id.* (citing *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 854–55 (8th Cir. 2001)).  Furthermore, the possible loss of future opportunities to form contracts cannot form the basis of a Section 1981 claim.  *Phelps*, 886 F.2d at 1267.

Here, Plaintiff successfully completed his purchase of the gloves.  [#41 at ¶ 23]  He subsequently returned those gloves.  [*Id.* at ¶ 25]  He has not plausibly alleged that Defendant prohibited Plaintiff from making these contracts or, indeed, any contract, past or future.  Plaintiff has therefore failed to plead an infringement of his right to make and enforce contracts cognizable under Section 1981.

### 2. Like Pains and Punishments

As another court in this District recently recognized, the law regarding infringements of the "like pains and punishments" interest under Section 1981 is not well-developed.  *Farris v. Stepp*, No. 20-CV-02346-DDD-NYW, 2021 WL 5200210, at *7 (D. Colo. Nov. 9, 2021).  That court noted:

> [T]his court's independent research yielded no precise definition of "pains and punishments" in the context of § 1981, either within or outside the Tenth Circuit.  Treatises analyzing § 1981 recognize that the statute does not provide a general cause of action for race discrimination, but focuses instead on providing equal opportunity to legal remedies and legal process. 14 C.J.S. *Civil Rights* § 23 (2021).  "Protected rights include the right to contract, the right to earn a living, the right to participate in public benefit programs, the right to fair use and access to justice, the right to petition the government for redress of grievances, and the right to give evidence." *Id.* (citations omitted).  And the term "pains and punishments" suggests to this court the administration of criminal justice, such as excessive bail, excessive fines, or incarceration as captured by the Eighth Amendment of the United States Constitution. *See, e.g.*, John D. Bessler, *The Concept of "Unusual Punishments" in Anglo-American Law: The Death Penalty As Arbitrary, Discriminatory, and Cruel and Unusual*, 13

10

> NW J.L. & Soc. Pol'y 307, 337 (2018) (discussing the historical development of the prohibition against cruel and unusual punishment).

*Id.* The court then proceeded to analyze the plaintiff's claim by reference to the Eighth Amendment's "denial of the minimal civilized measure of life's necessities" standard. *Id.* (quoting *Brown v. Laurie*, No. 19-3229-SAC, 2020 WL 1244652, at *2 (D. Kan. Mar. 16, 2020)).

Plaintiff's complaint and response fail to point to any authority that would support an inference that Defendant's alleged conduct amounted to "pains and punishments" in the context of § 1981. [*See* ##41 at ¶¶ 66–71, 48 at 12–14] And in the absence of any authority persuading otherwise, this Court follows the guidance of our sister court in applying the Eighth Amendment standard. Given that standard, the Court cannot find that Defendant's act of reporting Plaintiff to the police on suspicion of committing the February 18, 2019 theft, even if motivated by racial animus, states a claim for denial of the minimal civilized measure of life's necessities. Plaintiff has therefore failed to state a plausible claim pursuant to Section 1981's protection against unequal pains and punishments.

### 3.   Conclusion

The Court concludes that Plaintiff has failed to state a plausible Section 1981 claim and therefore GRANTS the Motion to the extent it seeks to dismiss Claim Three. But, because the Court is not yet convinced that further amendment would be futile, Claim Three is DISMISSED WITHOUT PREJUDICE. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

### C.      Claim Four: Title II of the Civil Rights Act

Plaintiff's Claim Four alleges public accommodation discrimination in violation of Title II of the Civil Rights Act, 42 U.S.C. §§ 2000a to 2000a-6. [#41 at ¶¶ 72–75] Defendant argues that Claim Four should be dismissed because Plaintiff seeks only monetary damages but Title II of the Civil Rights Act allows only injunctive relief; and because Plaintiff has failed to state a claim for relief under that Title. [#47 at 10–11] The Court agrees that Plaintiff has failed to state a claim for relief under Title II of the Civil Rights Act.

Title II of the Civil Rights Act prohibits racial discrimination by places of public accommodation. 42 U.S.C. §§ 2000a – 2000a-6. Before filing suit under that Title, however, "a plaintiff must give written notice of the alleged act of discrimination to the appropriate state or local agency." *Jones v. Reg'l Transp. Dist.*, No. 10-CV-01535-BNB, 2010 WL 3341205, at *1 (D. Colo. Aug. 23, 2010) (citing 42 U.S.C. § 2000a–3(c)). The Tenth Circuit has suggested that this notice requirement is jurisdictional. *Harris v. Ericson*, 457 F.2d 765, 767 (10th Cir. 1972) ("one who . . . has given notice to the appropriate state agency need not thereafter exhaust such remedy before the district court acquires jurisdiction") Because Colorado prohibits discrimination in places of public accommodation, a notice of discrimination must be filed with the Colorado Civil Rights Commission ("CCRD") at least 30 days before suit may be brought under Title II. *Jones*, 2010 WL 3341205, at *1 (citing Colo. Rev. Stat. §§ 24-34-601, -602).

Nowhere in the Complaint does Plaintiff allege that he has filed notice with the CCRD.  [*See* #41]  The Court takes judicial notice[8] that Plaintiff has filed a "Dismissal and Notice of Rights" document from the United States Equal Employment Opportunity Commission ("EEOC") in this case [#1 at 1], but neither that document nor any other part of the record in this case suggests that plaintiff has filed notice with the CCRD as required.  Dismissal is therefore proper.   *Harris*, 457 F.2d at 766-67 (affirming dismissal of an individual suit under Title II of the Civil Rights Act for failure to give notice to the state agency); *Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179-EFM, 2013 WL 1947422, at *3 (D. Kan. May 10, 2013) ("[The plaintiff] has not adequately asserted a claim under § 2000a because she has not alleged that she complied with the notification requirement under § 2000a-3(c)."); *White v. Denny's Inc.*, 918 F. Supp. 1418, 1423 (D. Colo. 1996) (dismissing a claim under Title II of the Civil Rights Act for failure to first file notice with the CCRD).

The Court therefore GRANTS the Motion to the extent it seeks to dismiss Plaintiff's claim under Title II of the Civil Rights Act.  Because the Tenth Circuit has suggested that the notice requirement is jurisdictional, Plaintiff's Claim Four is DISMISSED WITHOUT PREJUDICE.  *See, e.g. Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) (holding that dismissal for lack of subject matter jurisdiction must be without prejudice); *Brereton*, 434 F.3d at 1216 (10th Cir. 2006) (same).

---

[8] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

D.     **State Law Claims**

Claims Two, Five, Six, Seven, Eight and Nine all purport to bring claims pursuant to Colorado state law.[9] The Complaint contends:

> This Court has federal question and diversity jurisdiction over the claims in this suit pursuant to 28 U.S.C. §§ 1331, 1332(a), 1343, and 42 U.S.C. §§ 1981, 1988, and 2000a to a(6). Also, all or substantially all of the material events giving rise to this suit occurred in the District of Colorado. 28 U.S.C. § 1391(b)(2).

[#41 at ¶ 17]  As explained above, Plaintiff has failed to plausibly plead any of his federal claims.  Thus, the Court addresses: (1) whether Plaintiff has adequately alleged diversity jurisdiction, and (2) if not, whether the Court should exercise supplemental jurisdiction despite Plaintiff's failure to adequately plead a federal cause of action.

1.     **Diversity Jurisdiction**

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999).  As the party invoking this Court's jurisdiction, Plaintiff bears the burden

---

[9] Once again, Defendant maintains that Claim Six for "unconscionable conduct" is not a recognized cause of action under Colorado law. [#47 at 6-7]  The Court need not decide this issue.

14

of establishing that the requirements for diversity jurisdiction have been met. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Plaintiff's assertion of diversity jurisdiction fails in several respects.

First, the Complaint fails to adequately allege Plaintiff's citizenship. It asserts that "[a]s of current, Plaintiff Meng Chang is a Resident of the State of Colorado." [#41 at ¶ 14] But as the Tenth Circuit has instructed, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). The allegations in the Complaint are insufficient for the Court to infer that Plaintiff is domiciled in the state of Colorado, as distinct from merely being a resident of that state.

Second, the Complaint fails to adequately allege Defendant's citizenship. For purposes of determining the Court's diversity jurisdiction, the citizenship of a corporation is based upon both the state of its organization and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (defining citizenship for "corporations"). The Complaint alleges that "Defendant Walmart Inc. is a Delaware corporation authorized to do business in the state of Colorado. It is registered at and may be served with process

by and through its registered agent in Colorado." [#41 at ¶ 15]  That is, Plaintiff has alleged Defendant's state of incorporation, but not its principal place of business.  The Court is thus also unable to determine Defendant's citizenship for the purpose of the Court's diversity jurisdiction.

Finally, the Complaint does not make any allegations about the amount in controversy.  [*See* #41]  A plaintiff can meet their burden with regard to the amount in controversy "by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount."  *Woodmen*, 342 F.3d at 1216.  "[U]nless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith."  *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).  "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."  *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998)).  Here, however, the Complaint does not allege any facts whatsoever related to the amount in controversy, beyond its conclusory assertion that the Court has diversity jurisdiction.  [*See* #41]  The jurisdictional facts alleged thus are insufficient "to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."  *Adams*, 225 F.3d at 1183.

Plaintiff has therefore failed to adequately plead that this Court has diversity jurisdiction.

### 2. Supplemental Jurisdiction

The Court has dismissed all claims over which it has federal question jurisdiction and, as explained above, Plaintiff has failed to adequately allege diversity jurisdiction. When a district court has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3) expressly authorizes the court to decline to exercise supplemental jurisdiction over any remaining state law claims. "Whether to exercise supplemental jurisdiction under such circumstances lies within the discretion of the court" and "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Sauer v. McGraw-Hill Cos.*, No. 99 N 1898, 2001 WL 1250099, at *18 (D. Colo. June 12, 2001) (quotations omitted). As a result, a district court will generally decline the exercise of supplemental jurisdiction when all federal claims have been eliminated prior to trial. *See id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Aery v. Bd. of Cty. Comm'rs of Tulsa Cty.*, 696 F. App'x 360, 361 (10th Cir. 2017) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (quotation omitted)).

As outlined above, the Court is dismissing all of Plaintiff's federal claims. And though the Court is dismissing those claims without prejudice, the Court does not believe that it is appropriate to address the merits of the state law claims raised by Plaintiff unless and until Plaintiff can plausibly allege a federal claim (or diversity jurisdiction) and thereby allow the Court to properly assert either supplemental (or diversity) jurisdiction. *Sauer*, 2001 WL1250099, at 18. Accordingly, Claims Two, Five, Six, Seven, Eight, and Nine are DISMISSED WITHOUT PREJUDICE.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion [#47] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff seek to continue to pursue his claims in this Court, he shall file an Amended Complaint not later than 21 days after the entry of this Order. Failure to do so will result in judgment being entered in favor of Defendant.

DATED:  February 17, 2023                         BY THE COURT:


                                                  s/Scott T. Varholak
                                                  United States Magistrate Judge